## ROGER C. GUTHRIE & another *vs.* GARDNER JONES.

A glass case, a case of drawers, and a mirror six feet long and two feet wide, bought by the tenant of an eating-room where intoxicating liquors are sold, to use in his business, and screwed or nailed by him to the walls of the room; and gas-fixtures (so called) bought by him for the same purpose and screwed upon gas-pipes fastened to the ceiling; are not fixtures, and an action of tort in the nature of trover will lie for their conversion by the landlord. But two counters, bought by the tenant for the same purpose; one, called an oyster and trench counter, ten or twelve feet long and two or three feet wide, brought into the room entire and nailed to the floor, and afterwards enlarged by an addition, of about the same size, constructed of joists and a base-board both nailed to the floor, and of boards nailed to the joists and to each other· the other, called a bar, twenty-two feet long and two feet wide, brought into the room entire and fastened to the floor by nails and with iron knees; are trade fixtures, for the conversion of which by the landlord during the term of the lease no such action will lie while they remain unsevered from the realty.

If a landlord forcibly prevents his tenant, during the term of the lease, from removing chattels attached by the tenant to the realty, but which are not fixtures, and refuses a demand of the tenant for leave to remove them, and claims them as his own, an action of tort will lie against him for their conversion.

TORT by Roger C. Guthrie and Daniel McLeod, partners under the firm of Guthrie & McLeod, for the conversion of " one case of drawers, one glass case, one oyster and trench counter, one other counter known as and called a bar, one mirror, and gas-pipes and gas-fixtures." Writ dated May 28, 1870. The answer, besides a general denial, alleged " that the plaintiffs occupied a tenement of the defendant's as his tenants, and while in such occupation affixed to said tenement, and to the realty of the defendant, certain fixtures which were not removed by them while they so occupied said tenement, and said fixtures became the property of the defendant by force of law."

At the trial in the superior court, before *Pitman*, J., it appeared that, for several years before March 1868, the plaintiff owned and let to McLeod a building in Taunton, which John Coyle occupied under McLeod as an eating-room and for the sale of intoxicating liquors; " that Coyle put up partitions in the building, and also bought, carried in, and fastened to the walls by nails or screws, the case of drawers, the glass case, and the mirror, which was about six feet long and two feet or more wide ; that the oyster counter and bar were also bought and carried in by him, and fastened to the floor by nails or screws, as usually done by tenants ; that the gas-pipes were put in by him, and fastened by him to the walls and ceilings of the building, and the gas-fixtures, so called, to the number of about sixteen, were screwed upon the gas-pipes on the ceiling by him in the usual manner ; and that all these articles were purchased by Coyle to use in his said business ; that while Coyle was in possession of the premises, about the first of March 1868, he sold these articles, together with a large number of other articles, to the plaintiffs for $800, with the knowledge of the defendant ; and that the plaintiffs immediately entered upon the premises under a written lease from the defendant to McLeod for three years from March 1, 1868, in the usual form," and carried on therein the same business which Coyle had done.

It further appeared that in September 1868 McLeod's interest in the property bought from Coyle was attached upon mesne process in two suits ; that the plaintiffs therein recovered judgments

against McLeod, and on May 6, 1870, the officer was proceeding to sell the property upon execution, when Jones, the defendant in the present action, forbade him to complete the sale, and thereupon the officer refused to go on with it unless the judgment creditors would give him a bond of indemnity, which they declined to do; that the officer then informed McLeod that he no longer held the property by virtue of any process, and McLeod attempted with a screw-driver to remove the mirror from the partition wall to which it was fastened, whereupon Jones came forward, laid his hand upon McLeod's shoulder, forbade him to take the mirror down, and said that it was his own property and McLeod should not remove it; that McLeod then attempted to remove some others of the articles described in the writ in the present action, but Jones forbade him to do so, and ordered him to leave the premises; that finally McLeod demanded leave of Jones to remove all said articles, and Jones refused, and said they were his own property, and again ordered him to leave; that McLeod thereupon left the premises, and soon afterwards went away from Taunton, and never returned there; that Guthrie left Taunton and went to Nevada; and "that all said articles have remained attached to the premises as they were put in by Coyle."

The judge ruled that the plaintiffs could not maintain the action, directed a verdict for the defendant, and reported the case for the consideration of this court, judgment to be entered on the verdict if the ruling was correct, otherwise a new trial to be had.

*J. Brown*, for the plaintiffs.

*E. H. Bennett & W. H. Fox*, for the defendant.

MORTON, J. We are of opinion that some of the articles claimed in the plaintiffs' writ are personal chattels, for the conversion of which an action of tort may, upon the facts proved at the trial, be maintained. The glass case, the case of drawers, the mirror and the gas-fixtures, though fastened to the walls, were not annexed to the realty so as to become part of it. They are in their nature articles of furniture, and the fact that they were fastened to the walls, for safety or convenience, does not deprive them of their character as personal chattels and make them a part of the realty. *Winslow* v. *Merchants' Insurance Co.*

4 Met. 306.   The nature of the articles, the circumstances **under** which they were placed in the building, the mode of their connection, and the relation which they bear to the use of the freehold, are not such as to give them the character of fixtures or additions to the real estate.   For the value of these, the plaintiffs, having shown title in themselves and a conversion by the defendant, can maintain this action.

The other articles claimed by the plaintiffs may stand upon different grounds.   The report does not fully state the mode in which they were attached to the building, so as to enable us to determine whether they were personal chattels or fixtures.   If, as was claimed by both parties at the argument, they were trade fixtures, it would seem that this action of tort for their conversion cannot be maintained.   Such an action cannot be maintained except upon proof of such facts as would have been necessary to maintain an action of trover at common law.   *Robinson* v. *Austin,* 2 Gray, 564.   In the case at bar, the fixtures have not been severed from the building; they therefore remain a part of the realty, for which an action of trover will not lie.   *Roffey* v. *Henderson,* 17 Q. B. 573.   *Wilde* v. *Waters,* 16 C. B. 637.   *Stockwell* v. *Marks,* 17 Maine, 455.   The plaintiffs, therefore, cannot recover for trade fixtures under their declaration, although the defendant illegally refuses to permit them to sever and remove such fixtures.

The only remaining question is whether there was a conversion of the plaintiffs' chattels by the defendant.   Of this we have no doubt.   The defendant forcibly prevented McLeod, one of the plaintiffs, from removing the property; and upon a demand being made, refused to deliver it, claiming that it was his property. This was an assertion of dominion over the property, to the exclusion of the plaintiffs' rights, which amounted to a conversion. *Hinckley* v. *Baxter,* 13 Allen, 139.

It follows from these considerations, that upon the facts stated in the report the plaintiffs are entitled to maintain this action to recover for a part of the property claimed, and that the ruling of the learned judge who presided at the trial, directing a verdict for the defendant, was erroneous.            *New trial ordered.*

At the new trial, before *Scudder*, J., the facts appeared substantially as at the former trial, and there was also evidence " that the oyster and trench counter, when originally put in by Coyle, was about ten or twelve feet long and two or three feet wide, and had been put in whole and nailed down to the floor, having no floor of its own ; that McLeod, after buying out Coyle, built an extension to it, of about the same length and width, by nailing joists to the floor and then nailing on boards for the front and top, finishing with a base-board at the bottom, nailed to the floor ; that the other counter, called a bar, was a black walnut topped bar, about twenty-two feet long and two feet wide, bought by Coyle and carried in whole, and nailed to the floor, and also fastened by iron knees, extending up and on the floor two or three inches each way, more or less ; but that both counters could ·be removed without other injury to the building than from the nails by which they were fastened to the floor."

The defendant requested a ruling " that the two counters were fixtures, and so attached to the building that the plaintiffs had no right to remove them ; and that trover would not lie for them upon the facts before stated ; " but the judge ruled otherwise. The jury found for the plaintiffs for the value of all the articles described in the writ, including the two counters, assessed at $140.90 ; and the defendant alleged exceptions.

*E. H. Bennett*, for the defendant.

*J. Brown*, for the plaintiffs.

Colt, J. When this case was before us at a former term, upon questions reported from the superior court, it was held that some of the articles claimed in the plaintiffs' writ were personal chattels, for the conversion of which trover would lie. The report did not sufficiently show how the articles now in controversy were attached to the building ; and it could not then be determined, therefore, whether they were to be considered personal chattels, removable fixtures, or parcel of the real estate not removable.

A new trial has been had, and the case now comes up on exceptions to the refusal of the court below to rule, first, that the two counters were fixtures so attached to the building that the plain-

tiffs had no right to remove them; and next, that trover would not lie to recover their value, upon the facts stated.

We are of opinion that these counters ceased to have the character of movable chattels, when they became attached to the building in the manner here described. The permanency of their annexation, and the relation which they bore to the intended future use of the tenement, were such as to make them part of the realty. They would have passed by deed, as between grantor and grantee, or mortgagor and mortgagee; and upon the death of the owner of the estate they would have gone to the heir rather than to the executor or administrator. But as they were put in by the tenant for use in his business, and not for the purpose of improving the inheritance, they were removable by him during the term. Within certain limits, articles so annexed to the real estate may be converted back again into personal property by the tenant. So long as they remain annexed, however, they are to be treated as parcel of the inheritance, and the landlord who only forbids and prevents the tenant, during the term, from removing them, cannot be made liable in trover for their conversion as personal property. The court therefore should have ruled as requested, that this action, which is in the nature of trover for the conversion of the articles sued for, cannot be maintained. *Bliss* v. *Whitney*, 9 Allen, 114. *Hanrahan* v. *O'Reilly*, 102 Mass. 201. *Minshall* v. *Lloyd*, 2 M. & W. 450.

*Exceptions sustained.*