## Job M. Leonard *vs.* Ann M. Stickney.

Bristol.　Oct. 26. — Nov. 23, 1881.　Morton & Allen, JJ., absent.

If a deed of a house conveys " all steam-heating apparatus and its connections," the question whether iron screens, placed in front of the steam-radiating pipes, resting on the floor and kept in position by their own weight, with marble slabs upon them, pass by the deed, is a question of fact for the jury, if the evidence is conflicting on the points whether the screens and slabs formed part of the steam-heating apparatus and its connections; whether the apparatus would be complete without them ; whether they were fitted to their places having regard to the walls near which they stood and the apparatus itself; whether they could be arranged for any other place without disproportionate expense ; and whether, if removed, they were worth more than their value as marble and old iron.

On the issue whether a grate and front-piece passed by a deed of a house, there was evidence that the grate and front-piece formed a portion of the fireplace, which consisted of an iron frame fixed in masonry ; that the front-piece was adapted to this frame by being cut and notched, although it could be removed, and the grate could be moved by raising the front side of it and thus unhooking

the horizontal bars which projected into the masonry. *Held,* that the party contending that the articles in question did not form part of the realty had no ground of exception to the submission of this question to the jury.

The enumeration, in a deed of land with the house thereon, of certain articles in the house, which would not pass by a grant of the realty, does not make personal property other articles not included in the enumeration, which, as between grantor and grantee, might be treated as part of the realty.

If a grant in a deed is *in præsenti,* and, by the terms of the deed, the grantor is to have the right to occupy the premises until a certain day, his removal before that day of a fixture for the purpose of appropriating it to himself makes it the personal property of the grantee, who may at once maintain an action of replevin for it.

REPLEVIN of "four marble slabs, four cast-iron screens, one cast-iron grate and one iron front-piece used for the grate and fireplace." Writ dated November 15, 1880.

At the trial in the Superior Court, before *Knowlton,* J., the plaintiff put in a deed from the defendant to him, executed and delivered on October 12, 1880, of a certain lot of land with the buildings thereon, "together with all the trees, shrubbery, fences, fountain, basin and pipes connected therewith, now upon said lot; also all steam-heating apparatus and its connections; all chandeliers, all gas and water fixtures, all window shades and fixtures, and all window screens now contained in the house." The deed also contained this clause: "And it is hereby agreed that the premises shall be vacated on or before the fifteenth day of November, A. D. 1880, and the grantor shall have the right to use and occupy said premises up to and including said fifteenth day of November, 1880, free of expense, with all the privileges and appurtenances to the same belonging." The other facts appear in the opinion.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. G. B. Swift,* for the defendant.

*W. H. Fox,* (*W. E. Fuller* with him,) for the plaintiff.

DEVENS, J. The rule as to fixtures to be applied was that which obtains between grantor and grantee. Whatever the owner in fee of an estate annexes to it for the better enjoyment of it, is presumed to be done for its improvement, and thus becomes a part of the realty. The object, the effect and the mode of annexation are all to be considered in determining whether any specific articles are movable fixtures. *McLaughlin*

v. *Nash,* 14 Allen, 136. *Pierce* v. *George,* 108 Mass. 78. *McConnell* v. *Blood,* 123 Mass. 47. Articles of furniture merely, although fastened to the walls for safety or convenience, do not lose their character as personal chattels. *Winslow* v. *Merchants Ins. Co.* 4 Met. 306. *Guthrie* v. *Jones,* 108 Mass. 191. And an article may be fixed in position only by its own weight, and may properly be held to have lost its character as personal property by reason of its connection with that which is realty and its importance to the use thereof. *Southbridge Savings Bank* v. *Exeter Works,* 127 Mass. 542. *Smith Paper Co.* v. *Servin,* 130 Mass. 511. It need not appear that the freehold as it originally stood would be injured by the removal, if the article annexed was fitted to the place where it rendered that with which it was connected by position more ornamental, it being in a position where ornament was appropriate, and that it could not be used elsewhere.

There was evidence that the screens and marble slabs were a part of the steam-heating apparatus and its connections; that it would not be complete without them; that they were accurately fitted to their places, having regard to the wall near which they stood and the apparatus itself; that they could not be arranged for any other place without disproportionate expense; and that, if removed, they were worth only their value as marble and old iron. This evidence was controverted. The defendant had in express terms conveyed the steam-heating apparatus and its connections, and it was properly left to the jury to determine whether these articles formed a part thereof.

There was also evidence that the fire-grate and front-piece formed a portion of the fireplace, which consisted of an iron frame fixed in masonry. To this frame the front-piece was adapted by being cut and notched, although it could be removed, and the grate could be moved by raising the front side of it and thus unhooking the horizontal bars which projected into the masonry. It was left to the jury to determine as a fact whether these actually formed a part of the realty. This was sufficiently favorable to the defendant. *Allen* v. *Mooney,* 130 Mass. 155.

The defendant contends that the enumeration of certain articles in the deed indicates an intent that the grate and front-piece should not pass to the grantee, as they were not among the articles mentioned. But in applying the well-known maxim,

*Expressio unius est exclusio alterius,* the object of the enumeration is to be considered. So far as the inside of the house is concerned, the object was apparently to include things which were mere articles of furniture, and which would not pass by a grant of the realty, like chandeliers, gas fixtures, window shades and screens, and also the steam-heating apparatus and its connections, part of which latter might be contended, as it has been here contended, to be personal property. From such an enumeration we do not think it can be inferred that other articles, which, as between grantor and grantee, might be treated as a part of the realty, should be held otherwise. The case of *Hare* v. *Horton,* 5 B. & Ad. 715, relied on by the defendant, was one where it became necessary to construe a deed which conveyed two dwelling-houses and a foundry. It was there held that, if the granting part of the deed had only mentioned the dwelling-houses and the foundry, the fixtures in each would have passed; but as the deed went on to say, " together with all grates, boilers, bells and other fixtures in and about the said two dwelling-houses," while no mention was made of fixtures in the foundry, those of the latter did not pass. Without affirming or controverting this case, it may fairly be distinguished from one where the object of the enumeration was to convey personal property, which would certainly not pass as a part of realty, or that which might be a subject of controversy.

While the grant in the deed was *in præsenti,* it being made on October 15, it was agreed that the grantor should occupy the premises up to and including the 15th of November thereafter. It is contended by the defendant, that, assuming the articles replevied were a part of the realty, the action was prematurely brought; and that replevin cannot be maintained. On or before the 15th, the articles sued for were severed from the realty, and removed from the house by the defendant. It appeared by the plaintiff's evidence, which on this part of the case was not disputed, that he demanded of the defendant that she should return them, which she declined; that he then got a replevin writ, placed it in the hands of an officer, and again demanded them; the defendant again declined to return them, or state where they were. They were, however, upon threat of a search-warrant, returned to the house, upon the agreement

that the plaintiff should give a replevin bond for them; and that the title thereto should be tested in court. The jury were instructed upon this subject that, if the defendant severed from the real estate the articles claimed, and removed them from their places, with a view to appropriate them to herself and to deprive the plaintiff of his property therein, the action was properly brought before the expiration of her term of occupation under the deed. Replevin can only be maintained by one who has a right to the immediate possession of the goods replevied. *Richardson* v. *Reed*, 4 Gray, 441. *Wade* v. *Mason*, 12 Gray, 335.

The question is thus presented whether such a severance as stated in the instruction gives a right of immediate possession to the owner of the realty from which they have been severed. It is a question similar to that which has been several times presented between the tenant for life, who has committed waste by felling timber for purposes other than those of the estate, and the remainderman, where it has been held that such wood at once becomes the property of the latter, who may immediately enter and take it. By the illegal act of the tenant for life, the remainderman is invested with the right to property to which otherwise he would have no claim except at the termination of the tenancy. *Clark* v. *Holden*, 7 Gray, 8. *Phillips* v. *Allen*, 7 Allen, 115.

Where one violates the terms of a bailment of personal property, by removing it from the place where alone he was entitled to use it, or by selling it, the rule is similar. His wrongful act terminates his possession, and the bailor has a right to it immediately. *Billings* v. *Tucker*, 6 Gray, 368. *Wade* v. *Mason*, *ubi supra. Farrant* v. *Thompson*, 5 B. & Ald. 826.

The defendant was the tenant of the plaintiff. Articles which were a part of the realty were let to her for use on the premises during the term. If by her wrongful act she separated them, they became at once the personal property of the landlord, and all right of the wrongdoer ceased therein. The instructions were therefore right. Nor did it make any difference that, when the writ was actually served, the articles were upon the premises; they were not brought there to return to the plaintiff, but only taken from concealment that legal proceedings might be initiated and the title tested. *Exceptions overruled.*