[Argued April 16; decided May 3, 1894.]

## HONEYMAN v. THOMAS.
[S. C. 36 Pac. 636.]

MECHANIC'S LIEN—DERRICK—FIXTURE.— A derrick erected by a tenant in a quarry by placing a post upright in a socket upon the ground with guy ropes extending from its top to stakes set in the ground, is a trade fixture, and not subject to a lien.

APPEAL from Clatsop: THOS. A. McBRIDE, Judge.

This is a suit by John Honeyman and others to foreclose an alleged mechanic's lien. The record discloses that the defendants Thomas & Hartley, having secured a lease of certain real property in Clatsop County from one Lewis, for the purpose of taking stone from a quarry thereon, made a contract with the plaintiffs, who, in pursuance thereof, manufactured and supplied the necessary castings, wire ropes, chains, dogs, and other material for the construction of a derrick, and the defendants erected the same at the quarry by placing a post upright in a socket upon the ground, having six wire guy ropes extending from its top to stakes set in the ground, and to anchor bolts imbedded in the rocks, to which post was attached a swinging boom properly connected with blocks, steel ropes, and windlass. After the completion of said derrick it was attached, together with all the material and machinery furnished by the plaintiffs, in an action brought by one M. McTigua against said Thomas &

Hartley, and, judgment having been rendered in favor of said attaching creditor, the attached property was upon execution sold to the defendants Fisher Brothers. After the property was attached, but prior to the sale thereof upon the execution, the plaintiffs filed in the office of the county clerk of said county their notice of lien upon said derrick, materials, and machinery, and also upon Thomas & Hartley's leasehold interest in said real property, to secure the payment of four hundred ninety-six dollars and sixty-four cents, the value of said materials and machinery, and this suit was brought to foreclose said lien. Issue having been joined by the pleadings, the cause was tried by the court, which found that the property sought to be charged with the lien was movable, and not subject thereto, and decreed that the complaint be dismissed as to the defendants Fisher Brothers, and awarded them their costs and disbursements, from which decree the plaintiffs appeal.                    AFFIRMED.

*Messrs. Frank Spittle* and *Arthur C. Emmons,* for Appellant.

*Mr. J. Q. A. Bowlby,* for Respondent.

Opinion by MR. JUSTICE MOORE.

Counsel contend that the derrick was a fixture, and would pass, in a conveyance of the realty, to the purchaser. "According to the more recent authorities," says STRAHAN, J., in *Henkle* v. *Dillon,* 15 Or. 610, 17 Pac. 148, "to give a chattel the character of a fixture, and to render it immovable, three things are necessary: '(1) Actual annexation to the realty or some appurtenant thereto; (2) application to the purpose or use to which that part of the realty with which it is connected is appropriated; and (3) the intention of the parties mak-

ing the annexation to make a permanent accession to the freehold.'"    It has been said that "the object, the effect, and the mode of annexation are all to be considered in determining whether any specific articles are movable fixtures": *Leonard* v. *Stickney*, 131 Mass. 541.   Machines may remain chattels for all purposes, even though physically attached to the freehold by the owner, if the mode of attachment indicates that it is merely to steady them for their more convenient use, and not to make them an adjunct of the building or soil:   *Carpenter* v. *Walker*, 140 Mass. 416, 5 N. E. 160.   The method of attachment thus becomes an indication of the tenant's intention in placing the chattel upon the demised premises.   The evidence in the case at bar shows that the derrick could and probably would have been moved from one point to another as the quarried stone were removed from the radius of the boom, and that the attachment to the soil and rock by the guy ropes was merely to steady the post, rather than to make it a part of the freehold; and hence it cannot be determined from the method of attachment that it was the intention of the parties to permanently affix the derrick to the freehold.   An examination of the lease from Lewis to the defendants Thomas & Hartley fails to disclose any indication of an intention to have any machinery or other improvements placed upon the demised premises or removed therefrom, so that under none of the rules above quoted can the derrick, or materials, be deemed a fixture.   There being no stipulation in the lease, the tenants could remove improvements made by them, the removal of which would not materially injure the premises or put them in a worse condition than they were in when they took possession:   1 Washburn, Real Prop. § 27; Taylor, Land and Tennant, § 550.   "It is the policy. of the law," says LORD, C. J., in *Or. Ry. & Nav. Co.* v. *Mosier*, 14 Or. 519, 58 Am. Rep. 321, 13 Pac. 300, "to encourage

trade, manufactories, and transportation, by affording them all reasonable facilities. Buildings, fixtures, machinery, and all such things certainly intended and calculated to promote them are treated, not as a part of the land, but as distinct from it, belonging to the tenant, to be disposed of or removed at his will and pleasure." Fixtures which a tenant is allowed to disannex and take away are comprehended within two classes, or are of a mixed nature falling partly within and partaking of the nature of both. These classes are: First, those which are put up for ornament or the more convenient use of the premises, and are called domestic fixtures; and, second, those which are put up for purposes of trade, and are known as trade fixtures: *Wall* v. *Hinds*, 4 Gray, 270. A trade fixture, to be removable, must be either capable of being removed bodily, or taken to pieces and put up again, so as to be identically what they were before: Ewell on Fixtures, 95. The derrick was capable of being removed and its identity preserved by either method, and hence it comes within the removable class.

It is contended that where the machinery, instrument, or utensil is a necessary accessory to the enjoyment of the inheritence, it is to be considered as a part thereof. The courts of Pennsylvania adopted this rule in eighteen hundred and thirteen (The Olympic Theatre, 2 Browne, 275), and it has since been followed in that state, and the courts of California have approved the doctrine: *Merritt* v. *Judd*, 14 Cal. 59. But these decisions do not conform to the trend of judicial utterance on the subject. Mr. Ewell, in commenting upon this distinction, says: "In some cases, where the calling is exercised solely with reference to agricultural operations, or as a means of enjoying the benefit of the inheritance, an exception has been made, the exercise of such calling not being considered a trade within the meaning of the rule. There

does not seem, however, to be any valid reason for this exception; and, as will be shown hereafter, the tendency of modern judicial opinion in the United States seems opposed to such distinction": Ewell on Fixtures, 102. The character of the fixtures being a mixed question of law and fact, we think the court below was fully warranted in holding that the derrick was a movable appliance, and not subject to a lien (Phillips on Mechanic's Liens, § 178, 15 Am. & Eng. Enc. 36), and the court having so found, the decree is affirmed.

AFFIRMED.