Gunderson v. Kennedy.

---

### Severt T. Gunderson v. Sylvester Kennedy.

1. FIXTURES—*Intention the Chief Test.*—The tendency of modern cases seems to be that the intention with which the fixtures were put in place is the chief test as to whether they are removable by a tenant. The fact that in order to remove it, a fixture must be taken to pieces, is not conclusive against the tenant's right; neither is that right destroyed by the mere fact that the removal of a fixture may cause some injury to the thing itself. If, however, the removal causes a serious injury to the freehold, by reason of the manner in which the fixtures have been attached, that fact is to be taken into consideration in determining what was the intention of the parties with reference to its becoming part of the freehold when it was erected.

2. SAME—*Furnaces Intended to be Permanent.*—If furnaces are intended to be permanent and to become a part of the building, that should stamp their character and require them to be held realty.

3. SAME—*Position of Mortgagor and Grantor the Same.*—Whatever the owner in fee of an estate annexes to it, for the better enjoyment of it, is presumed to be done for its improvement and thus becomes a part of the realty. The object, the effect, and the mode of annexation are all to be considered in determining whether any specific articles are movable fixtures. The rule to be applied in this respect to the relations of mortgagor and mortgagee and grantor and grantee should be the same.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed November 11, 1902.

Appellant originally brought suit in trover before a justice of the peace to recover for the alleged conversion of a furnace. From the judgment of the justice, an appeal was taken to the Circuit Court.

Appellant had sold to appellee a house, which the latter occupied as a residence. A contract was entered into providing, among other things, that the purchaser should have immediate possession, upon a small cash payment, the balance of the purchase money to be paid in /monthly installments of about $30 per month, the purchaser to receive a deed upon making a specified number of payments. Appellee took possession of the house, which he occupied for several years. About two years after the purchase he equipped the house with a furnace placed upon a masonry foundation and put in connecting pipes for the purpose of heating the building, together with registers, for which holes were cut through the floors. Shortly thereafter appellee began to get behind on his payments and gave as a reason therefor that he had put in the furnace and made other improvements upon the premises. Subsequently, not having been able to meet his payments as agreed upon, he vacated the premises and took the furnace and fixtures out of the house. He was at the time some $1,200 in arrears. At the conclusion of the plaintiff's evidence the court directed the jury to find the issues for the defendant.

C. VAN ALEN SMITH, attorney for appellant.

No appearance by appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The only question to be considered is whether or not the furnace and appurtenances which appellee had placed in the house during his occupation of the premises had become real estate fixtures, which appellee was not entitled to remove. It is urged by appellant that the furnace was actually annexed to the realty, that it was applicable to the use of the premises as a residence and that it was the

intention of the parties making the annexation that it should become a permanent part of the freehold. The case was taken from the jury at the conclusion of the plaintiff's evidence, and there is no controversy over questions of fact.

The furnace was erected upon a foundation of masonwork constructed in the basement for that purpose. This, however, might not of itself determine its removability. The rule in Illinois is liberal in favor of a tenant. The tendency of modern cases seems to be that the intention with which the fixtures were put in place is the chief test as to whether they are removable by a tenant. The fact that in order to remove it a fixture must be taken to pieces is not conclusive against the tenant's right; neither is that right destroyed by the mere fact that the removal of a fixture may cause some injury to the thing itself. If, however, the removal causes a serious injury to the freehold by reason of the manner in which the fixtures have been attached, that fact is to be taken into consideration in determining what was the intention of the parties with reference to its becoming a permanent part of the free-hold when it was erected. Baker v. McClurg, 96 Ill. App. 165–172, and cases there cited.

In the present case the furnace in controversy was erected at a time when the appellee was occupying the premises under a contract of purchase. He then undoubtedly intended to continue to occupy the house as a permanent place of residence. The furnace was an addition of a durable and permanent character. As stated by Mr. Chief Justice Walker in Thielman v. Carr, 75 Ill. 386–392, " If, as is believed to be generally true, furnaces are intended to be permanent and to become a part of the building, that should stamp their character and require them to be held realty." Appellee's position was substantially that of a mortgagor, and the rule to be applied should be the same as that between grantor and grantee. This rule is stated in Leonard v. Stickney, 131 Mass. 541–542, as follows: " Whatever the owner in fee of an estate annexes to it for

the better enjoyment of it, is presumed to be done for its improvement and thus become a part of the realty. The object, the effect and the mode of annexation are all to be considered in determining whether any specific articles are movable fixtures." Applying the rule in the present case, the furnace, together with its appurtenances, " became a part of the realty and was subject to the mortgage executed on the real property." Fifield v. Farmers Nat. Bank, 148 Ill. 163–173.

We are of the opinion that the evidence clearly shows that appellee intended when he erected the furnace to make it a permanent part of the freehold, and that he had, when he vacated the premises, no right to remove it as personal property. It appears that in doing so he removed, not only the furnace itself, but its appurtenances, leaving holes which had been cut in the floor where the registers had been. This he had no right to do.

The judgment of the Circuit Court must be reversed and the cause remanded.