DELIA C. PHELPS *vs.* LOWELL INSTITUTION FOR SAVINGS.

Suffolk.   January 17, 1908. — March 3, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Exceptions to report of master.   *Contract,* Consideration.

Exceptions to findings of fact contained in the report of a master to whom a suit in equity was referred will not be sustained if the evidence upon which the findings were made is not reported.

One who owned an interest in real estate, which was subject to a mortgage given to secure a note long overdue, made with the mortgagee a contract in writing under seal whereby, in consideration of delay by the mortgagee in foreclosing, and of a further advance of money to the owner by the mortgagee, it was agreed that the owner would clear his interest from certain attachments in suits then pending and guarantee the payment in one year of the mortgage and of the new loan. On the same day that the contract was executed and delivered, a new mortgage was given to the mortgagee by the owner, conditioned upon the repayment of the new loan and the performance of the contract. *Held,* that there was ample consideration for the contract.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk June 12, 1907, seeking to redeem certain parcels of land in Boston, in which the plaintiff owned an interest, from four mortgages, and an accounting as to such mortgages and five others; and

CROSS BILL IN EQUITY, seeking specific performance of a contract in writing and under seal with the defendant in the first suit whereby the plaintiff therein for the stated consideration, among others, that the defendant would delay foreclosure proceedings under the various mortgages for a year, had agreed to clear her title to the parcels from incumbrances, to guarantee the payment of all the mortgages, and in one year to repay a certain amount of money loaned to the plaintiff on the giving of a further mortgage. The cross bill also sought that the amount due to the defendant under the mortgages be determined and foreclosure proceedings declared valid.

Both suits were referred to a master who filed a report in each suit and in his reports stated the account between the parties, and found that the defendant had a right to the performance of the agreement which was the basis of the cross bill, and to payment of the mortgages. Exceptions to both reports were filed by the plaintiff and were heard before *Braley*, J., who reserved the suits for the consideration of the full court.

Other facts are stated in the opinion.

*M. H. Sullivan*, for the plaintiff.

*F. A. Fisher*, for the defendant, was not called upon.

HAMMOND, J. The bill in this case is brought to redeem real estate from certain mortgages. The cross bill is brought to have established and confirmed as valid a certain writing, note and mortgage which are material to the controversy. Although the facts are numerous and somewhat complicated, the work of the court has been greatly lightened by the clear and able presentation of the case in the report of the master. Of the plaintiff's three exceptions to the master's report, the second has been waived, the third has been disposed of by an agreement of the parties, and the first, being practically identical with the tenth exception to the master's report upon the cross bill, will be considered with it.

We pass directly to the plaintiff's exceptions to the report on the cross bill. These exceptions raise three questions.

1. The plaintiff excepts to the finding of the master that the "plaintiff assented to a rate of interest of more than three and one-half per cent . . . per annum on the mortgages held by the defendant on the estate of Charles A. Phelps, or that

plaintiff, by such assent, agreed to a rate of interest of five . . . per cent per annum on said mortgages." But the evidence is not reported and therefore we cannot say that the master was wrong.

2. As to the paper of the date of March 19, 1906, the master has found as follows: "While the negotiations which resulted in the agreement set forth in writing obligatory were in progress between her attorney, Mr. Feeley, and Mr. Fisher, representing the bank, Miss Phelps called at her attorney's office almost daily, and he time and again went over with her every phase of the proposed agreement minutely and in the greatest detail, discussing each point in all its aspects, he advising her fully about it. She was present at many interviews between the two attorneys in connection with this matter, taking part in the discussions and suggesting modifications in the proposed agreement, some of which were later embodied in the writing obligatory. After the writing obligatory and the $25,000 mortgage and mortgage note were drawn up, she took them away with her and retained possession of them for some week or ten days before she signed them. During this time she had copies made of them, and consulted with her attorney, Mr. Feeley, and others about them. She signed these papers on April 3, 1906, at Mr. Feeley's office, and then and there received from the bank, and disposed of, the checks representing the $25,000, as stated in my former report. A large amount of evidence was introduced bearing upon the question of Miss Phelps' mental capacity at the time she signed the writing obligatory, the $25,000 mortgage and the mortgage note. Upon a careful analysis of this evidence my conclusion is that, although inclined to be somewhat eccentric, she clearly appreciated the situation at the time ; that in assisting to formulate the terms of the agreement she showed unusual shrewdness and acumen; and that she signed these papers of her own free will and with a full and complete understanding of their purpose and effect."

That, under the circumstances reported by the master, there was ample consideration for the agreement is too plain for discussion. And the same may be said of the contention that the writing forms no part of the condition of the mortgage of $25,000 of the same date with the agreement. The agreement

is referred to in the mortgage, and performance of its terms is made a condition by the express language of the mortgage.

3. As to the finding of the master that there was any agreement between the plaintiff and the defendant about the insurance on the property, it is sufficient to say that, the evidence not being reported, we cannot revise the finding and it therefore must stand.

*Exceptions overruled.*