ALEXINA HOULE *vs.* SUSY M. ABRAMSON.

Hampden.    September 25, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Fixtures.    Landlord and Tenant.*

If the owner of land with a building thereon sells and conveys it to a purchaser and on the same day takes from the purchaser a lease for three years of a portion of the building, containing a china closet and a water heater, which before the sale were put in the building by the owner as removable furnishings and which at the time of the conveyance and of the making of the lease were personal property, and if the lease contains the ordinary covenant for redelivery of the premises at the end of the term, the tenant who was the former owner of the real estate is entitled to remove these articles of personal property at the termination of his lease, there having been no occasion for a severance until the tenancy was terminated, and the covenant for redelivery referring only to the reversion so that the tenant's title to the personal property on the premises at the beginning of the term remained unaffected by it.

BILL IN EQUITY, filed in the Superior Court on November 4, 1910, alleging that on December 2, 1907, the defendant conveyed by a warranty deed to the plaintiff a parcel of land with

buildings thereon situated on Bridge Street in Holyoke and numbered 524 and 526 on that street, that as a part of the purchase there passed to the plaintiff certain store fixtures and also one china closet and cabinet and a hot water heater used in the bath room on the second floor of the building, that the china closet and cabinet were built in and attached to the building and were a part thereof, as also was the heater, which was connected with the building by pipes, that on the same day of December 2, 1907, after the sale the plaintiff executed and delivered to the defendant a lease in writing for the term of three years of the first floor of the building, with an adjoining stock house and the barns and sheds on the premises and the tenement on the second floor of the building, that the lease had expired and that the defendant was about to quit and deliver up the premises and had advertised for sale the store fixtures, the china closet and cabinet; and praying that the defendant might be enjoined from removing or selling the fixtures and property belonging to the plaintiff.

The case was referred to William P. Hayes, Esquire, as master. The master filed a report, and at the request of the plaintiff reported certain evidence. Both the plaintiff and the defendant filed exceptions to the master's report. The case was heard on these exceptions by *Hitchcock*, J., who made an interlocutory decree that the exceptions filed by the plaintiff and by the defendant be overruled and that the report of the master be confirmed. Later the case was heard further by *Pierce*, J., who made a final decree that the plaintiff's bill be dismissed and that the defendant be awarded her costs of suit to the amount of $39.54. From this decree the plaintiff appealed.

The case was submitted on briefs.

*P. H. Sheehan*, for the plaintiff.

*A. L. Green & F. F. Bennett*, for the defendant.

BRALEY, J. The plaintiff not having appealed from the interlocutory decree overruling the exceptions of both parties to the master's report, the questions raised by his exceptions are not open on his appeal from the final decree dismissing the bill, except so far as the final decree may have been erroneously affected by the interlocutory decree. R. L. c. 159, § 26. *Cawley* v. *Jean*, 189 Mass. 220. The master, however, not having been ordered to report the evidence, his findings of facts should not be set

aside unless from the report they appear to have been plainly wrong. The plaintiff, recognizing the rule, contends, that the master's conclusions, that the articles in question were personal property, not having been warranted by his general findings, should be set aside, and relief decreed.

It is unquestioned that, in pursuance of the written agreement of the parties, the deed of the defendant conveying the property to the plaintiff, the mortgage back to secure a part of the purchase price, and the lease by the plaintiff to the defendant of a portion of the premises, were executed and delivered simultaneously. The plaintiff derives ownership under the deed, and, as the articles claimed by the defendant to be her personal property are not specifically referred to in the deed, the plaintiff has no title unless they were fixtures and passed as part of the freehold. The principles of law applicable to the findings of the master have been so recently enunciated in *Hook* v. *Bolton*, 199 Mass. 244, and *Smith* v. *Bay State Savings Bank*, 202 Mass. 482, that any extended discussion is unnecessary. If as between grantor and grantee a question arises whether an article attached to, or put in place in a building on the granted premises, but which is not specifically described or referred to, and passes in title, if at all, under a general description of "a certain lot of land and buildings thereon" is personal property not conveyed by the grantor, or a fixture annexed to the realty, the character, purpose, mode of annexation, and the intention of the owner, are all to be considered. The defendant asserted no title to the curved counter, the shelving, wall fixtures, and the electric wiring in the store, which the master found were fixtures. The marble slab forming the finished top of the curved counter, although not separately claimed by her, but by her husband, who has not been joined as a party, is disposed of as to her by his finding that it was a constituent part of the fixture. *Leonard* v. *Stickney*, 131 Mass. 541. The gas fixtures, three counters, and the oil pump, while found to have been personal property, are also stated to be the property of the husband, over which the defendant has never assumed control or asserted against the plaintiff any adverse rights. But the cabinet, or china closet, and the hot water heater he decided, upon consideration of all the evidence and his general findings, were her personal prop-

erty. It is certain from the recital of the circumstances, that these articles were provided for the more convenient use and enjoyment of that part of the building occupied by the defendant as a dwelling for herself and family, and it was a question of fact, whether they were supplied as removable furnishings, or were intended as a substantial and permanent addition to the premises. The defendant after the deed was delivered having continued in occupation under the lease as the plaintiff's tenant, there was no occasion for a severance until the tenancy was terminated, and, as the covenant for redelivery of the premises referred only to the reversion, the tenant's title to the personal property thereon at the beginning of the term remained unaffected. *Holbrook* v. *Chamberlin,* 116 Mass. 155, 162.

We are, therefore, of opinion, that the decree should be affirmed with costs.

*Ordered accordingly.*