DELIA C. PHELPS *vs.* LOWELL INSTITUTION FOR SAVINGS.

Suffolk.    February 26, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Equity Pleading and Practice,* Appeal, Master's report.

Under R. L. c. 159, § 26, upon an appeal from a final decree previous interlocutory decrees not appealed from are not open to revision unless it appears to this court that the final decree was erroneously affected thereby.

Proceedings in a suit in equity subsequent to and in conformity with a rescript of this court are reviewable only upon matters of form.

In a suit in equity the plaintiff appealed from an order of a single justice confirming the report of a special master, in which the master found that the plaintiff was in such a condition mentally as to require a guardian *ad litem.* After an examination of the report of the master it was held by this court that his conclusions of fact were warranted by the evidence.

A final decree in a suit in equity, which conforms to a rescript of this court and is framed to comply with the findings of a master which have been confirmed by this court, is not a subject of appeal.

The findings of fact made by a master in a suit in equity cannot be reversed where the evidence on which he based his findings is not reported.

DE COURCY, J. This is a suit in equity wherein the plaintiff among other things seeks to redeem from certain mortgages sundry parcels of real estate in which she has an interest; and the cross-bill, filed by the defendant for an accounting, is brought to determine the indebtedness to it under the mortgages and on a certain written agreement signed by the plaintiff. The issues raised by the bill and answer, and later those raised by the cross-bill and answer thereto, were referred to a master; his reports thereon were duly filed, and the plaintiff's exceptions to these reports were overruled by this court on March 3, 1908. *Phelps* v. *Lowell Institution for Savings,* 198 Mass. 179.

Since that decision was rendered the plaintiff has filed in the case no fewer than twenty motions and claims of appeal, most of them apparently prepared by herself personally. With the exception of three, with which we shall deal later, it would serve no useful purpose to dwell upon them at length. Several of them which purport to be appeals from orders referring the case to a master, or which relate to the conduct of the hearings before him,

were not seasonably claimed.   Upon an examination of the voluminous record it is apparent that they relate to matters that were solely in the discretion of the court, and did not erroneously affect the final decree; consequently they are not now open to revision.   R. L. c. 159, § 26.   *Houle* v. *Abramson,* 210 Mass. 83. The same is true of most of the subsequent appeals, such as that from the order denying her motion to amend the decree of May 9, 1908, and the one from the decree denying her motion to vacate all decrees or orders before that date.   All proceedings subsequent to the rescript have been in accordance therewith, and are reviewable only upon matters of form.   *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 162.

Upon the plaintiff's motion to remove the guardian *ad litem* appointed by the court to represent her, an order was made referring to a master the question of the necessity of a continuance of the guardianship.   After a thorough investigation, during which there was evidence from expert alienists who had known the plaintiff previously, and her own testimony occupied more than four days, the master found that she was in such a condition mentally as to require a guardian *ad litem.*   Her exceptions to the report of this special master were overruled and the report affirmed by a single justice; and the plaintiff appealed from this order.   After a careful examination of the comprehensive report of the master, we are of opinion that his conclusions of fact were fully warranted by the evidence.

The interlocutory decree entered May 9, 1908, ordered and adjudged that the plaintiff was forever foreclosed from any equity of redemption in the three parcels of real estate on Warrenton Street and Harrison Avenue that had been sold by the defendant under mortgages held by it.   The decree also gave the plaintiff sixty days in which to redeem the Oliver Street property from all the mortgages thereon, and in the event of her failure to pay the amount due, as determined by the decree, the defendant was given leave to proceed with its foreclosure sale.   This decree conforms to the rescript, and evidently was framed to comply with the findings of the master after they had been confirmed by the full court; and it is not a subject of appeal.   *Lincoln* v. *Eaton,* 132 Mass. 63.   *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 370.

The plaintiff did nothing to redeem within the time allowed by the interlocutory decree of May 9, 1908, and the defendant proceeded with its foreclosure sale. On January 19, 1912, the defendant filed a supplemental cross-bill for the purpose of having the acts which it had done in pursuance of the decree of May 9, 1908, ratified by the court, and also of settling its account with the plaintiff, and having a final decree entered in the cause; and this matter was referred to and heard by a master. The plaintiff's exceptions to his report were overruled by a justice of this court after a hearing, and an interlocutory decree was entered confirming the report; from which decree the plaintiff appealed. The evidence on which the master based his findings is not reported, and consequently there is nothing before the court on which to modify or reverse any of these findings. In fact no questions of law were raised by the exceptions, as they deal entirely with the conduct of the hearings before the master. His findings of fact relate to an accounting between the parties, and have the weight and effect of a verdict by a jury. *Stewart* v. *Hanreddy,* 212 Mass. 340.

The final decree is based upon the findings of the master and is warranted by them, and the appeal therefrom raises no question not fully determined by the proceedings already referred to. The decree deals comprehensively with every detail of this long protracted litigation. It is necessary to modify it by computing the interest on the several amounts to the date of the entry of the confirmatory decree, and by adding the additional costs incident to the appeal. As so modified it is to be affirmed.

*So ordered.*

The case was submitted on briefs.

*F. T. Crommett,* for the plaintiff.

*F. A. Fisher & W. F. Frederick,* for the defendant.