NATURAL AUTOFORCE VENTILATOR COMPANY *vs.* CHARLES G. WINSLOW.

Suffolk.   January 15, 1913. — September 12, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Conversion.   Personal Property.   Landlord and Tenant.*

Where, at the trial before a judge without a jury of an action of tort against the owner of a building for the alleged conversion of a ventilator and pipe attached thereto, it appears that the ventilator was thirty-five feet long and had been attached to the outside of the building under a contract between the plaintiff and a tenant in the building, that, without the knowledge of the defendant, the plaintiff and the tenant had agreed that the plaintiff should retain title to the property until it was paid for, that the property was fastened to brick work of the building by a considerable number of bolts and rivets, and that it remained attached to the building after the termination of the tenancy, the judge cannot be required as a matter of law to find and rule that the ventilator and pipe were personal property, and a finding for the defendant is warranted.

TORT for the alleged conversion of "one sixteen inch Natural Autoforce Ventilator and about forty feet of sixteen and twelve inch galvanized steel pipe."   Writ in the Municipal Court of the City of Boston dated January 7, 1909.

On appeal to the Superior Court, the case was heard by *Raymond,* J., without a jury, who refused to grant certain requests of the plaintiff for findings and rulings, and found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*P. J. Lane,* for the plaintiff.

*F. O. White,* for the defendant.

RUGG, C. J.   The defendant is the owner of a building of a part of which one Rose, a restaurateur, was tenant.   The plaintiff, by virtue of a contract made with Rose, during his term installed a ventilator which was about thirty-five feet long and extended from the kitchen on the first floor on the outside of the building to its top.   The main part of it was sixteen inches to eighteen inches in diameter, and was fastened to the brick work of the building by an considerable number of bolts or rivets.   By an agreement

between the plaintiff and Rose the ventilator was to remain the property of the plaintiff until paid for, but the judge refused to find that this was with the knowledge or consent of the defendant, and the contrary must be assumed. The ventilator remained upon the premises after the termination of the tenancy of Rose.

The only exceptions now relied on in substance relate to the refusal of the trial judge to find as a fact and rule as matter of law that the ventilator and its several parts were personal property. Plainly this ruling could not have been given nor was such finding required in law. There was a substantial attachment of the apparatus to the building. Generally whether an article has become so affixed to the building as to become a part of it is a mixed question of law and fact. *Houle* v. *Abramson,* 210 Mass. 83. Giving due weight to the favor with which the law regards the tenant as respects fixtures, there is nothing to take the case at bar out of that general rule. It cannot be said as matter of law that this was a personal furnishing removable as would be an article of ornament or domestic utility. There is some evidence to indicate that its use was intended to be restricted to the building to which it was fastened. If the ventilator be treated as a trade fixture, it was not removed during the term and hence, upon expiration of the term, if attached to the building, became a part of the freehold. *Talbot* v. *Whipple,* 14 Allen, 177.

*Exceptions overruled.*