CUMMINGS PROPERTIES
MANAGEMENT, INC.,
Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Defendant.

Civ. A. No. 92–10441–S.

United States District Court,
D. Massachusetts.

March 19, 1992.

Holly K. Salamido, Woburn, Mass., for plaintiff.

Daniel Rodger Deutsch, Michael P. Ridulfo, John Foskett, Deutsch Williams Brooks DeRensis Holland & Drachman, P.C., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

SKINNER, District Judge.

Plaintiff Cummings Properties Management, Inc. owns a parcel of real property which it had been leasing to a bank until the bank was declared insolvent in 1991. The Federal Deposit Insurance Corporation was appointed liquidating agent of the bank, and acquired all of the bank's assets. On February 13, 1992, agents of the FDIC announced their intention to remove an automatic teller machine (ATM) while they were removing furniture and equipment from the premises. The following day plaintiff filed suit in state court, asserting that the ATM has become a fixture under Massachusetts law, and that the bank's lease specifically provides for the plaintiff to retain possession of all fixtures. The complaint alleges breach of contract and conversion and seeks injunctive relief. The Superior Court granted a Temporary Restraining Order prohibiting the FDIC from removing the machine. The FDIC removed the case to this court where the parties now dispute whether a preliminary injunction should issue enjoining the FDIC from removing the machine during the course of this litigation.

DISCUSSION

*12 U.S.C. § 1821(j)*

■ With certain exceptions not applicable here, 12 U.S.C. § 1821(j) prohibits courts from taking any action "to restrain or affect the exercise of the powers or functions" of the FDIC as receiver of a failed institution. *Id.* Relying on *Rosa v. Resolution Trust Corporation,* 938 F.2d 383 (3d Cir.1991) and *Joint Venture v. Onion,* 938 F.2d 35 (5th Cir.1991), the FDIC insists that this provision bars courts from making any attempt to enjoin the exercise of the FDIC's receivership powers. I disagree. The Supreme Court has held that a similar provision, 12 U.S.C. § 1464(d)(6)(C), which applies to the FSLIC when acting as conservator or receiver, prevents courts from interfering with the functions of the FSLIC as receiver, but not from *adjudicating* whether a particular act is within the powers of the FSLIC as a receiver. *See Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corporation,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). "[T]his provision prohibits untimely challenges to the receiver's appointment or collateral attacks attempting to restrain the receiver from carrying out its basic functions. It does not divest state and federal courts of subject matter jurisdiction to determine the validity of claims against institutions under a FSLIC receivership." *Id.,* 109 S.Ct. at 1369–70.

■ The FDIC's position in regard to § 1821(j) begs the question of whether the FDIC's statutorily defined powers include those which the FDIC wishes to exercise in any particular case. In accordance with

*Independence Joint Venture*, the threshold issue of whether the ATM on the plaintiff's property is a fixture, and thus whether it may be removed by an outgoing tenant, is appropriate for judicial review. Section 1821(j) does not elevate the FDIC to the position of a sacred cow which may graze upon the rights of others at will, unchecked by the courts. *See Harrington v. Federal Deposit Ins. Corp.*, C.A. No. 91–122298–C at 6–7 (D.Mass. Feb. 28, 1992).

## PRELIMINARY INJUNCTION

"In the First Circuit, a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction. The Court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that the plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." [Quoting, citations omitted] *McLaughlin v. Massachusetts Maritime Academy*, 564 F.Supp. 809, 811 (D.Mass. 1983).

■ (1) I find that the plaintiff will be harmed irreparably if the FDIC were to remove the machine. If the ATM is removed, and the resulting hole in the side of the building boarded up or otherwise temporarily sealed, the property would become less attractive to prospective tenants and the public at large. In addition, such measures may make the property more susceptible to the dangers of vandalism or weather.

(2) The balance of harms weighs heavily in favor of the plaintiff. Should an injunction issue, and the FDIC ultimately prevail in this litigation, the FDIC's ability to place the machine on the auction block will be delayed. Such delay is not a significant harm. On the other hand, should an injunction not issue, and plaintiff ultimately prevail, the real estate will be unsightly and susceptible to further damage during the course of this litigation. The memory of those who have seen the property in this condition is likely to endure even after the property is renovated. I find that the contemplated injury to the plaintiff outweighs the potential harm which an injunction would inflict on the FDIC. *See K–Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907 (1st Cir.1989).

(3) On the merits, the plaintiff is likely to prevail. The Restatement (Second) of Property, Landlord & Tenant, § 12.2(4) restates settled Massachusetts law. *See Consiglio v. Carey*, 12 Mass.App.Ct. 135, 421 N.E.2d 1257, 1260 (1981). That provision provides that *absent an agreement otherwise*, a tenant may remove annexations which he has made to the leased property if after removal the property can be and is restored to its former condition. Here, the lease between the insolvent bank and the plaintiff probably controls: the parties had expressly agreed that all fixtures and connected equipment, additions, alterations, and improvements shall remain in possession of the plaintiff upon termination of the lease. Because of the plain meaning of the contract and the fact that the plaintiff is likely to prevail in its contention that the ATM is a fixture, the machine should remain in the possession of the plaintiff.

Moreover, even if the ATM is a trade fixture somehow not covered by the lease and therefore removable by the FDIC under Massachusetts common law, the FDIC would likely be responsible for returning the property to its condition prior to the occupancy by the bank. This restoration may well include removing the ATM's aluminum, glass, and concrete vestibule from the building. *See Consiglio, supra,* 421 N.E.2d at 1260 (upon expiration of lease, outgoing tenant who removes trade fixtures which he installed during the course of the lease "has an obligation to restore the premises to the condition they were in *before the tenancy*") (emphasis supplied).

(4) I find that the public interest will not be adversely affected by the granting of an injunction. Thus, the plaintiff has established all of the elements necessary for a preliminary injunction to issue.

Accordingly, the plaintiff's request for preliminary injunctive relief is *granted.* The FDIC is hereby enjoined from removing the automatic teller machine from the premises known as 400 West Cummings Park, Woburn, Massachusetts until further notice.