In re LANDMARK LAND COMPANY OF OKLAHOMA, INC., an Oklahoma Corporation, Debtor.

LANDMARK LAND COMPANY OF CAROLINA, INC., a Delaware Corporation; Clock Tower Place Investments Ltd., a California Corporation; Landmark Land Company of California, Inc., a Delaware Corporation; Landmark Land Company of Florida, Inc., a Delaware Corporation; Landmark Land Company of Louisiana, Inc., a Louisiana Corporation; Landmark Land Company of Oklahoma, an Oklahoma Corporation, Plaintiffs,

v.

RESOLUTION TRUST CORPORATION, Conservator for Oak Tree Federal Savings Bank, Defendant. (Six Cases)

In re LANDMARK LAND COMPANY OF CAROLINA, INC. a Delaware Corporation, Debtor.

In re CLOCK TOWER INVESTMENTS, LTD., a California Corporation, Debtor.

In re LANDMARK LAND COMPANY OF CALIFORNIA, INC., a Delaware Corporation, Debtor.

In re LANDMARK LAND COMPANY OF LOUISIANA, INC., a Louisiana Corporation, Debtor.

In re LANDMARK LAND COMPANY OF FLORIDA, INC., a Delaware Corporation, Debtor.

Civ. A. Nos. 2:91–3134–1 to 2:91–3139–1. Bankruptcy Nos. 91–05814 to 91–05819. Adv. Nos. 91–8274 to 91–8277, and 91–8287.

United States District Court, D. South Carolina, Charleston Division.

Dec. 3, 1991.

Lawrence Wilbur Johnson, Jr., Adams, Quackenbush, Herring & Stuart, Columbia, S.C., for Resolution Trust Corp.

John B. Hagerty, Nelson, Mullins, Riley & Scarborough, George Barry Cauthen, Columbia, S.C., for Unsecured Creditors Committees.

Patrick Michael Duffy, McNair Law Firm, Charleston, S.C., Michael McNulty Beal, McNair Law Firm, P.A., Columbia, S.C., Michael Paul Kirschner, Jackie L. Hill, Jr., Kiran A. Phansalkar, Alice A. Sias, Hastie & Kirschner, Oklahoma City, Okl., Richard S. Broude, James H. Bathon, Mayer, Brown & Platt, New York City, for Landmark Land Co. of Oklahoma, Inc., Landmark Land Co. of Carolina, Inc., Clock Tower Place Investments, Landmark Land Co. of California, Inc., Landmark Land Co. of Louisiana, Inc. and Landmark Land Co. of Florida, Inc.

## ORDER

HAWKINS, Chief Judge.

This action is a consolidated action of the six above-captioned adversary cases. The above-referenced bankruptcy cases are jointly administered. The matter before the court is the motion of Resolution Trust

Corporation (RTC) as conservator of Oak Tree Federal Savings Bank (New Oak Tree) to stay the preliminary injunction issued in the adversary cases by this court on October 30, 1991. The RTC's motion came on for hearing on November 25, 1991. The legal arguments and the evidence presented were essentially the same as were presented in the preliminary injunction hearing which commenced on October 29, 1991 and was adjourned on October 30, 1991, and which produced a transcript of some five hundred and ninety-two pages.

RTC contends that the injunction granted by this court is in violation of 12 U.S.C. 1821(j), which provides that no court may take any action which would restrain or affect the exercise of the powers or functions of the RTC as a conservator of a failed financial institution.

The debtors were in bankruptcy prior to the appointment by the Office of Thrift Supervision (OTS) of the RTC as receiver for Oak Tree Savings Bank, S.S.B. (Old Oak Tree) and prior to the appointment of RTC as conservator for New Oak Tree. New Oak Tree is the sole shareholder of Debtor Clock Tower Place Investments, Ltd. (Clock Tower Place) and Clock Tower Place owns a majority of the shares of the remaining debtor companies.

As a conservator of the failed financial institution, the RTC is empowered to take such action as may be appropriate to "preserve and conserve the assets and property of the [failed] institution." 12 U.S.C. 1821(d)(2)(D). However, the broad authority of the RTC granted by the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA) is not absolute. *Rechler Partnership v. Resolution Trust Corporation*, No. 90–3091, 1990 U.S.Dist. LEXIS 18714 (D.N.J. Sept. 4, 1990), *supp. op.* 1990 U.S.Dist Lexis 18734 (D.N.J.1990).

When the RTC was appointed conservator of New Oak Tree, New Oak Tree was the sole shareholder of stock in a corporation already under the jurisdiction of the bankruptcy court. Among the many rights of a shareholder, the RTC could seek to exercise its corporate governance rights, i.e., to call a shareholder meeting for the election of officers and directors. The bankruptcy court has the power to suspend these shareholder rights if it finds that the shareholders are attempting to abuse their rights by calling for the election of new officers and if it finds that the exercise of those rights will cause irreparable harm to the reorganization efforts of the debtors. *In Re Johns–Manville Corporation*, 52 B.R. 879 (Bankr.S.D.N.Y.1985), *rev'd*, 801 F.2d 60 (2d Cir.1986), *on remand*, 66 B.R. 517 (Bankr.S.D.N.Y.1986). This court issued an injunction upon such a finding.

The evidence presented to this court has shown that the RTC seeks to exercise its shareholder rights for the purpose of usurping the priority system of the Bankruptcy Code which is designed to protect all creditors, secured and unsecured. The OTS has instituted an administrative action against certain persons who are directors and officers of the debtor corporations ordering those officers and directors to withdraw the debtors' petitions from bankruptcy. RTC argued that it is not directed by the OTS and that it has yet to determine if the appropriate course of action is to withdraw the debtors from the protection of the bankruptcy laws. Nonetheless, Mr. Waldrop, a witness for the RTC, testified that once in conservatorship, the RTC manages the failed institution only for the period it takes to liquidate the assets of the failed institution. It is clear that the RTC seeks only to obtain control of the debtors, to withdraw them from bankruptcy, and to sell off the assets of the debtors, all to the detriment of other creditors.

This court cannot restrain the RTC's liquidation of the assets of the failed institution. *See, Automated Business Systems & Services, Inc. v. FDIC*, No. 90–1513 (4th Cir. Aug. 27, 1990). The RTC, as conservator for New Oak Tree, is free to sell its shares of debtor stock. However, to the extent that the RTC seeks to elect new officers and directors to these corporations so that it may withdraw them from bankruptcy and liquidate their assets, this court has jurisdiction to prevent that abuse of shareholder rights and to prevent interfer-

ence with the debtors' rights to reorganize. Accordingly, this court finds that it has jurisdiction over the parties in this matter.

The RTC has fought vehemently to be allowed to hold a shareholders meeting to elect new officers and directors to the debtor corporations claiming that current management has breached its fiduciary duties to the debtor corporations. The evidence belies the RTC's claims. This court has found that the management of the debtor corporations which is currently in place is in the best position to protect the assets of the debtors for the benefit of all creditors. This court has also found that current management possesses the requisite expertise to continue managing the debtors' estates in a manner most profitable for the preservation of corporate assets.

The evidence has shown instead that the RTC has acted with complete disregard of the efforts of management to keep the debtor companies afloat. Although it is patently absurd to suggest that a bank already under the scrutiny of the OTS would have been permitted to operate a system which gave computer access to bank financial data to subsidiary corporations, a witness for the RTC lamely testified that RTC management personnel interfered with the debtors' access to the financial and accounting computer system to ensure that bank financial records could not be accessed by personnel of the subsidiaries. RTC management cut off computer access to the entire system without first determining if in fact the subsidiaries had access to anything other than their own records, despite the existence of a temporary restraining order commanding that the debtors have access to their records.

Prior to the hearing, financial documents which were found by the RTC within the building of the failed institution were made available to an expert who testified on behalf of the RTC. Without knowing the origin of the information therein, the RTC asked this expert to form opinions and draw conclusions regarding the financial performance of the debtors' resort operations. This expert testified at some length about the information he had been given and testified that the information revealed ratios of profit and cost inconsistent with well-managed hotel and resort properties of a similar nature. He was particularly critical of two properties for which he found numerical indicators that the hotel facilities were poorly managed. However, upon cross examination, the expert admitted that he had no knowledge of the properties in question and was unaware that the two properties of which he was most critical did not even have hotel facilities but were rental resort properties managed for third party owners.

In another instance, the RTC offered a witness who claimed that the methods of financial management of the debtor corporations were faulty; however, under cross-examination the witness admitted that the accounting methods used by the debtors were not unusual and nothing was "wrong" with the accounting system used by the bank and the debtor companies. Other evidence showed that pre-petition efforts of the management team of the debtor corporations to sell assets were thwarted by the OTS and the RTC, despite the RTC's claims that it was uninvolved prior to its appointment as receiver for Old Oak Tree.

On the other hand, numerous witnesses testified to the outstanding abilities of the current management teams and of their reputation for high quality services. Testimony revealed that current management has made every effort to act quickly and efficiently to resolve problems which have arisen within the corporate organizations. The overwhelming evidence presented by the debtors proved that current management is in the best position to preserve the debtors' estates for the benefit of their creditors.

█ As debtors in possession, management has a fiduciary duty to the debtors' estates for the benefit of all creditors, including shareholders. This court finds that current management has operated and will continue to operate in a manner in keeping with its weighty responsibilities.

Although these points raised herein by the court do not speak directly to the issue of the Motion to Stay the Preliminary Injunction, they speak to the many considerations contemplated by the court initially in issuing the preliminary injunction.

■ Directly on the issue of the stay, this court must consider whether there has been a strong showing of likely success on the merits; whether there will be irreparable injury absent a stay; whether the issuance of a stay will substantially injure the other parties interested in the proceedings; and, where the public interest lies. These factors are much the same as those which were considered by the court in granting the preliminary injunction. *See, Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977).

■ This court finds that debtors have shown a substantial likelihood of success on the merits and that the RTC has not. Further, this court finds that the preliminary injunction will maintain the status quo and will permit the debtors to attempt to reorganize under the protection of the bankruptcy laws, while a stay of the injunction would disrupt the reorganization process to the detriment of the debtors' estates and the remaining creditors who are other parties interested in the proceedings. Finally, this court finds that the public interest lies in preserving the integrity of the bankruptcy reorganization process for the benefit of the debtors and all their creditors, including the RTC as conservator for New Oak Tree.

For the reasons stated above, this court hereby denies the RTC's Motion to Stay the Preliminary Injunction.

IT IS SO ORDERED.