RTC, et al.

v.

BARTON, et al.

No. Civ.A. 94–3294.

United States District Court,
E.D. Louisiana.

Sept. 10, 1999.

James Alcee Brown, John M. Wilson, George Denegre, Jr., Shannon Skelton Holtzman, Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, Raul R. Bencomo, Bencomo & Assoc., New Orleans, LA, Richard Edgar Anderson, Harahan, LA, for plaintiff.

Roy Clifton Cheatwood, Nancy Scott Degan, Kent A. Lambert, Phelps Dunbar, LLP, New Orleans, LA, Robert N. Habans, Jr., Habans, Bologna & Carriere, New orleans, LA, Patrick Michael Duffy, Weyman C. Carter, McNair & Sanford, Charleston, SC, Jack G. Bush, Bush & Leonard, Oklahoma City, OK, Richard L. Tapp, Jr., Nexsen Pruet Jacobs Pollard & Robinson, LLP, Charleston, SC, for defendants.

## ORDER AND REASONS

BARBIER, District Judge.

Before the Court is the **Motion for Summary Judgment on Causation and Damages** (Rec.Doc. 204) filed by defendants Barton, Walser, and Vaughan ("defendants"). Plaintiff, Federal Deposit Insurance Company ("FDIC") opposes the motion. The motion was originally set for hearing on briefs on July 21, 1999. However, in connection with a Rule 16(a) conference which was held in open court on July 30, 1999, the Court entertained oral argument on the issues raised in the motion. The Court then ordered plaintiff to file a supplemental memorandum addressing questions related to causation. Plaintiff's supplemental memorandum was filed on August 4, 1999, at which time the Court took the matter under submission.

## BACKGROUND

The complex history surrounding this case has been set forth in detail in prior opinions of the Court.[1] In its current posture, the case involves one claim only: FDIC's "wrongful bankruptcy" claim against the defendants brought pursuant to La. R.S. § 6:291. Essentially, it is a claim that the defendants, former officers and directors of Oak Tree Savings Bank, SSB ("Oak Tree") and its subsidiaries, breached their fiduciary duty to Oak Tree by abetting the filing of bankruptcy petitions by six Oak Tree subsidiaries in 1991.

At directors meetings held on October 9, 1991, Oak Tree's subsidiaries voted to seek the protection of the bankruptcy court. The defendants were either absent or abstained from these votes, though the FDIC alleges that defendants masterminded the plan. On October 11, 1991, the subsidiaries filed petitions in the South Carolina

Bankruptcy Court. Shortly after the bankruptcy filings, the subsidiaries sought and received an injunctive order barring Oak Tree or its receiver from taking possession or control of the subsidiaries or their assets, or from exercising ownership rights over them.[2] Conflict ensued when the Resolution Trust Corporation ("RTC") was appointed receiver by the Office of Thrift Supervision ("OTS") on October 13, 1991. The injunction obtained in the bankruptcy court limited the FDIC's power and control over the subsidiaries' assets. This contrasted with the regime preferred by plaintiff under the Financial Institutions Reform Recovery & Enforcement Act of 1989 ("FIRREA"), that would have applied absent the bankruptcies and vested in the FDIC all assets, rights, and claims of Oak Tree and its subsidiaries and all rights, powers, titles and privileges of the institutions' officers, directors, shareholders, members, and depositors. 12 U.S.C. § 1821(d)(2)(A)(i).

A costly eleven-month legal battle followed, in which the FDIC sought to gain the control it would have possessed under a FIRREA administration. In August 1992, the Fourth Circuit reversed the district court's grant of the injunction that had deprived the FDIC of control of the institutions.[3] Once in control, the FDIC fired defendants from their management positions in the subsidiaries; however, it elected to leave the subsidiaries in bankruptcy. Under an FDIC reorganization plan which was ultimately confirmed, Oak Tree recovered hundreds of millions of dollars from the subsidiaries in payment for their debts to Oak Tree.

## ANALYSIS

In the sole remaining claim in this case, the FDIC alleges that it is owed damages

**1.** See, *RTC v. Barton,* 1995 WL 241849 (E.D.La., Apr.24, 1995), *aff'd,* 96 F.3d 128 (5th Cir.1996); *RTC v. Barton,* 1995 WL 550972 (E.D.La., Sept.13, 1995); *FDIC v. Barton,* 1998 WL 169696 (E.D.La., Apr.8, 1998).

**2.** *In re Landmark Land Co. of Oklahoma, Inc.,* 134 B.R. 557 (D.S.C.1991), *rev'd,* 973 F.2d 283 (4th Cir.1992).

**3.** 973 F.2d 283.

for the defendants wrongful abetment of the filing of. subsidiaries' bankruptcies. The FDIC claims damages of over $13,-000,000, representing professional fees paid by the FDIC in its effort to gain control of the institutions, which it claims it was legally entitled to from the outset of the receivership under FIRREA. Implicit in this argument is the notion that under a FIRREA administration, none of these funds would have been spent, and the same amounts would have been recovered. Indeed, the FDIC has stated that "if not for the defendants' wrongdoing [i.e., the filing of the subsidiaries' bankruptcies], the losses would not have been incurred." FDIC Opposition, 27. Thus, according to plaintiff, the "choice" inflicted on the institutions by the defendants—to attempt reorganization in the bankruptcy court rather than FIRREA administration—cost Oak Tree over $13,000,000.

In the motion now before the Court, defendants argue that they are entitled to summary judgment because plaintiffs have failed to make a prima facie showing of two elements required for recovery: causation and damages. This issue differs from the question raised previously, when the Court was asked to consider whether the filing of the bankruptcies was indeed "wrongful" pursuant to La. R.S. 6:291.[4] As Judge Duval pointed out, that would require a factual finding as to whether defendants' conduct was "grossly negligent" under applicable law. The "gross negligence" determination raises questions of intent not suitable for disposition on summary judgment.

However, in the instant motion, the Court is invited to assume for the sake of argument that the filing of bankruptcies was wrongful (an issue which is highly contested). Defendants argue that even assuming this, the FDIC cannot recover, because plaintiff has not pointed to any damages, substantiated by any competent evidence, caused by the filing of the bankruptcies. Defendants argue that to establish damages, plaintiff must show that "Oak Tree's total recovery from the bankruptcies, net of those expenses, is less that what it would have received under the only available alternative, liquidation of the subsidiaries in proceedings brought under FIRREA." Defendants' Reply, 5. Because there is no evidence that the bankruptcies increased expenses, or resulted in a lower net recovery than would have been achieved under FIRREA administration, defendants argue that neither the elements of causation or damages have been demonstrated.

In further support of their motion, defendants have pointed to the fact that the decision to wage the legal battle was the FDIC's rather than defendants, and that in fact, internal documentation from the FDIC demonstrates that insiders recommended abandoning the costly crusade.[5]

FDIC's argument in opposition on the question of causation and damages is a simple one: the filing of the subsidiaries' bankruptcies and the injunctive order entered therein deprived the FDIC of control to which it was otherwise entitled under FIRREA; to regain that control it waged an 11–month legal battle; the legal battle cost over $13,000,000. Therefore, the FDIC argues, the defendants actions caused FDIC $13,000,000 in damages. The FDIC has further argued that it "does not intend to prove—nor is it required to prove—that bankruptcy was a less desirable regime for the subsidiaries than administration under FIRREA." FDIC Opposition, 26.

Having considered the record, the applicable law, and the argument and memo-

---

**4.** *FDIC v. Barton,* 1998 WL 169696 (E.D.La., Apr.8, 1998).

**5.** See, Memorandum to Credit Review Committee, Washington, D.C., from Patrick J. DeCuir, Managing Agent, Oak Tree Federal Savings Bank, Jan. 4, 1992 (recommending abandoning the litigation as too costly and proposing an RTC-sponsored Chapter 11 plan), attached as Exhibit B to Defendants' Reply Memorandum.

randa of counsel, the Court disagrees with the FDIC's assertion, because it finds that in order to show the loss necessary to posit the prima facie elements of causation and damages, FDIC *is* required to show that bankruptcy was a less desirable regime financially than FIRREA administration, in terms of what it cost and what it recovered. Independent of the fact that it is not clear that Oak Tree would have recovered as much money under a FIRREA administration as it ultimately did via the bankruptcies, there would have been some cost associated with the FIRREA administration so favored by the FDIC. Thus, plaintiff's loss, if any, is the difference between the $13,000,000 spent in the bankruptcies and the cost of FIRREA administration, assuming Oak Tree would have made the same recovery in a FIRREA administration. The problem is, we do not know, nor can we ever know, what would have been recovered, and what it would have cost to do so, through FIRREA administration. As counsel for plaintiff himself acknowledged in oral argument, any proposed figure would be purely speculative. Had the FIRREA route been taken in 1991, a group of talented and efficient attorneys, bankers, and accountants might have cured all of the institutions' ills in a matter of weeks for a fraction of the cost. On the other hand, less competent professionals may have gotten their hands on the estate and expended millions more than was spent in the bankruptcy litigation, and recovered less.[6] The fact is, we will never know. "Proof to substantiate a claim for damages must be clear and definite and not subject to conjecture." *Todd v. State, through Dept. of Social Servs.,* 699 So.2d 35, 43 (La.1997). Accordingly, the Court finds that plaintiff has not and cannot make the requisite showing of damages.

As for the question of causation, while plaintiff appears to have correctly grasped the standard applicable to this case, it has misapplied it. FDIC emphasizes in its reply brief that "[t]o meet the cause-in-fact element, a plaintiff must prove only that the conduct was a necessary antecedent of the accident, that is, **but for** the defendant's conduct, the incident probably would not have occurred." *Roberts v. Benoit,* 605 So.2d 1032, 1052 (La.1991) (on rehearing), *cited in* Plaintiff's Reply, at 5 (emphasis added). Thus, in this case, plaintiff must show that but for the wrongful bankruptcies (if they were in fact wrongful), the same amount would have been recovered, and the $13,000,000 or some portion of it would not have been expended. Plaintiff has not and cannot satisfy this requirement. Because plaintiff cannot point to any evidence in the record to prove two required elements of its claim, namely, causation and damages, accordingly,

**IT IS ORDERED** that defendants' **Motion for Summary Judgment on Causation and Damages** should be and is hereby **GRANTED,** and plaintiff's remaining claim is **DISMISSED.**

---

**6.** The reality of this latter possibility is illustrated by the fact that in the Order Confirming Debtors' Combined Amended Plan of Reorganization as Modified, Judge Hawkins opined that Chapter 11 Reorganization would "provide a greater recovery to the creditors than ... under the provisions of [FIRREA]." Defendants' Memorandum in Support, Exh. A, Order, 10.